UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE REVELRY GROUP LLC, a foreign limited liability company, registered to transact business in the State of Idaho,<br><br>      Plaintiff,<br>v.<br><br>DAVID JOBE, an individual, and LUKE KIRCHER, an individual,<br><br>      Defendants. | Case No. 1:22-cv-00510-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff The Revelry Group LLC's Motion/Request for Evidentiary Hearing (Dkt. 21), Plaintiff The Revelry Group LLC's Motion to Seal (Dkt. 3), and Defendants' Evidentiary Objections re: Motion for Preliminary Injunction (Dkt. 16-1). Having reviewed the record and briefs, the Court finds that the facts and legal argument are adequately presented. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds the decisional process would not be significantly aided by oral argument, the Court will decide the Motion/Request for Evidentiary Hearing, Motion to Seal, and Evidentiary Objections on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons set forth below, Revelry's Motion/Request for Evidentiary Hearing is GRANTED with limitations set out in the order, Revelry's Motion to Seal is GRANTED, and Defendants' Evidentiary Objections are DENIED. Witness lists and exhibits will be

due by March 15, 2023 at noon (Mountain Standard Time).

## II. BACKGROUND

Plaintiff The Revelry Group LLC ("Revelry") is a food, beverage, and hospitality business that conducts business in Idaho and other states. Dkt. 2-1, at 2. Revelry runs a special operation called "Exchange Experiences" which are large culinary events that involve a lot of third parties and sponsorships. Dkt. 2-1, at 2-3. Revelry is well known in the catering and culinary community for these events, and many influential figures and businesses in the culinary field participate in these events. Dkt. 2-1, at 3. The focus of these events ranges from food and beverages to catering, hospitality, and culinary skills. *Id*. The most famous of these events is the Food and Beverage Leadership Exchange held in Sun Valley, Idaho ( also known as "FaBLE") which Revelry has been running for twenty (20) years. *Id*; Dkt. 16, at 5. Other big events include the "FoodOvation Exchange" ("FoodOvation") and the "Global Foodservice Hospitality Exchange" ("GFHE"). Dkt. 16, at 5. Each of these events generates Revelry a lot of goodwill within the catering and culinary community and bring Revelry substantial income and profits. Dkt. 2-1, at 3.

Defendants, David Jobe ("Jobe") and Luke Kircher ("Kircher"), started to work for Revelry in the beginning of 2017 and 2018, respectively. Dkt. 2-1, at 3. During their time, Jobe and Kircher led Revelry's exchange events division, and Jobe became an equity member of Revelry in 2019. Dkt. 2-1, at 3; Dkt. 16, at 4. Defendants were very involved in Revelry's business model, clients, customers, and sponsors. *Id*.

However, payment disputes started to develop between Revelry and Defendants in 2019. On January 10, 2019, Kircher signed an Employment Agreement with Revelry. Dkt.

16, at 5. The agreement contained obligations regarding non-solicitation, non-competition, and proprietary/confidential information covenants. Dkt. 2-1, at 3. It also outlined Kircher's annual salary of $150,000 to be paid twice a month in 24 equal payments. Dkt. 16, at 5. For three months, Revelry paid below Kircher's agreed-on salary and never reimbursed him for the missed amounts. *Id*. at 6. Furthermore, in July 2019, Jobe loaned Revelry $250,000 to be repaid with interest on September 30, 2019 pursuant to a promissory note. *Id*. Revelry failed to make a timely payment, so Jobe and Revelry signed another promissory note to extend the repayment date till February 15, 2020. *Id*. Revelry did not repay the loan on this date either. *Id*.

In November 2021, Kircher resigned from Revelry. Dkt. 2-1, at 3. The restrictive covenant in Kircher's contract restricted him from soliciting Revelry's customers for one (1) year. *Id*. at 4. Then at the conclusion of the GFHE 2022 event, Jobe relayed to Revelry that he intended to leave the company. Dkt. 16, at 6. Negotiations to develop a separation agreement started on August 1, 2022, and eventually ended on September 12, 2022, when Revelry sent a separation agreement to Jobe. *Id*. at 7. Both Revelry and Jobe signed the agreement the same day. *Id*. Jobe and Revelry contend that the separation agreement limited different actions of Jobe: Revelry states that Jobe was restricted from all events that were similar to Revelry's exchange events, while Jobe states he was only restricted from conducting events similar to FoodOvation. Dkt. 2-1, at 6; Dkt. 16, at 7. Revelry contends that the Defendants' conduct following their departure from Revelry violated their respective contracts and verbal promises with Revelry. Dkt 2-1, at 5-6.

In September 2022, Defendants formed "Prosper23 LLC" ("Prosper23") which was

also a business centered on catering and culinary skills. Dkt. 16, at 7. Prosper23 is centered around "Prosper Forum 2023" which is scheduled to have its inaugural event on August 27-30, 2023. *Id*. The event is expected to bring in close to $3 million in sponsorships and have over 100 companies in the catering and culinary industry participate. *Id*.

On September 23, 2022, after Revelry and Jobe separated, Revelry learned about Prosper23 and was able to obtain pitch materials for the event. Dkt. 2-1, at 6-7; Dkt. 3-2. Revelry also discovered that Defendants were the heads of Prosper, despite an alleged verbal promise from Jobe to not work with Kircher on July 27, 2022. *Id*. Revelry contends that the Defendants' partnership and the existence of Prosper23 violates the contracts that Defendants signed when they left Revelry. *Id*. Furthermore, Revelry states that the pitch materials were very similar to Revelry's 2023 GFHE event with Revelry calling it a "complete mimic." *Id*., at 7.

Revelry's sponsors were split and undecided on which event they wanted to support because limited resources made it difficult to support both. *Id*., at 6. However, many sponsors decided to support Prosper23 instead of Revelry's GRHE, which caused Revelry to cancel the 2023 GRHE event. *Id*., at 7.

Revelry now alleges substantial damages ranging over $2 million. *Id*., at 8. Revelry further alleges that its reputation has been irreparably damaged and alleges that Defendants have been spreading false statements to its former sponsors, clients, and customers to dissuade them from doing business with Revelry. *Id*.

Revelry sent a series of cease-and-desist letters to Defendants throughout September 2022, which Defendants stated were vague and unclear as to what conduct Revelry was

MEMORANDUM DECISION AND ORDER-4

seeking to cease. Dkt. 16, 8. Jobe's counsel contacted Revelry via email for clarification, but Revelry never replied. *Id*. Revelry contends that its letters were in "clear terms." Dkt. 2-1, at 10.

On December 19, 2022, Revelry filed with the Court a Complaint against Defendants alleging fraud, breach of contract, breach of implied duty of good faith and fair dealing, recissions, tortious interference with prospective economic advantage, violation of the Idaho Consumer Protection Act (I.C. § 48-603(8), (17)), unjust enrichment, and moved for temporary and permanent injunctive relief under Federal Rules of Civil Procedure 65(a), (d). Dkt. 1. On the same day, Revelry filed a Motion for Preliminary Injunction seeking to enjoin Defendants from further activity in relation to Prosper23 and alleged solicitation of Revelry's customers, clients, and sponsors. Dkt. 2. In addition, on the same day, Revelry filed a Motion to Seal and seeks to seal one of its exhibits ("Exhibit D"). Dkt. 3.

On February 17, Defendants filed an Answer to the Complaint and counterclaimed against Revelry alleging breach of contract. Dkt. 15. On the same day, Defendants filed a Response to the Motion to Seal and the Motion for Preliminary Injunction. Dkt. 14; Dkt. 16. In addition, on the same day, Defendants attached Evidentiary Objections re: Motion for Preliminary Injunction to its Response to the Motion for Preliminary Injunction. Dkt. 16-1.

On February 27, 2023, Revelry filed a Motion/Request for Evidentiary Hearing for the upcoming Preliminary Injunction hearing on March 17, 2023.

On March 3, 2023, Revelry filed a Response to Defendants' Evidentiary Objections

re: Motion for Preliminary Injunction. Dkt. 25.

On March 7, 2023, Defendants filed a Response to the Motion/Request for Preliminary Injunction. Dkt. 26.

On March 8, 2023, Revelry filed a Reply to Defendants' Response to the Motion/Request for Preliminary Injunction. Dkt. 27.

### III. ANALYSIS

### A. Motion/Request for Evidentiary Hearing

*1. Legal Standard*

"A district court does not need to hold an evidentiary before ruling on a preliminary injunction." *U.S. v. Idaho*, 1:22-CV-00329-BLW, 2022 WL 3442500, at *1 (D. Idaho Aug. 17, 2022). The Ninth Circuit has "rejected any presumption in favor of evidentiary hearings, especially if the facts are complicated." *Kenneally v. Lungren*, 967 F.2d 329, 335 (9th Cir. 1992) (quoting *United States v. Oregon*, 913 F.2d 576, 582 (9th Cir. 1990) (an evidentiary hearing is not necessary if the facts of the case were complicated). Furthermore, the Ninth Circuit has rejected a presumption rule–adopted by the Third Circuit[1]–that heavily leans in favor of oral testimony for a preliminary injunction when the pleadings and affidavits are conflicting. *Intl. Molders' and Allied Workers' Loc. Union No. 164 v. Nelson*, 799 F.2d 547, 554–55 (9th Cir. 1986); *see also Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1326 (9th Cir. 1994) ("[T]he refusal to hear oral testimony at a preliminary injunction hearing is not an abuse of discretion if the parties have a full

---

[1] Revelry cites *Sims v. Greene*, 161 F.2d 87 (3d Cir. 1947), whose rule was explicitly rejected by the Ninth Circuit in *Nelson*.

opportunity to submit written testimony and to argue the matter.").

The Ninth Circuit, in the alternative, has outlined the following general principles for district courts to follow when deciding whether to grant an evidentiary hearing for a preliminary injunction: "Where sharply disputed the facts are simple and little time would be required for an evidentiary hearing, proceeding on affidavits alone might be inappropriate. But an evidentiary hearing should not be held when the magnitude of the inquiry would make it impractical." *Nelson*, 799 F.2d at 555 (cleaned up). In addition, courts should consider "general concepts of fairness, the underlying practice, the nature of the relief requested, and the circumstances of the particular cases." *Id*.

### 2. Discussion

Revelry relies on cases from the Eleventh, Third, and Second Circuit in its motion, but those cases are only persuasive authority. Seeing as there is sufficient Ninth Circuit precedent highlighting this issue, the Court is unpersuaded by the other Circuit decisions on this issue.

Although there is no presumption in favor of an evidentiary hearing for a preliminary injunction, the Court must still consider the contested facts and the impracticability of holding an evidentiary hearing. *Nelson*, 799 F.2d at 555. The Court turns to the Ninth Circuit's reliance on "general concepts of fairness, the underlying practice, the nature of the relief requested, and the circumstances of the particular cases." *Id*.

Here, the facts are heavily contested. The Revelry is trying to stop Defendants from pursuing their business activity with Prosper23. The relief requested would effectively

make the Defendants unable to continue with Prosper23, so the ramifications of a preliminary injunction are substantial. The dispute is heavily centered around the conduct of the parties and general breach of contract theory, which are factual and legal respectively. This case is still in its infancy and certain facts are unknown to the Court, so it is difficult for the Court to determine the complexity of the factual and legal issues at this point in time. While the current pleadings and motions do offer a lot of information, this case is centered on the previous relationship between the parties and the contracts, both written and oral, between them. The Court would find it helpful to hear from some witnesses in determining its decision on the motion for preliminary injunction.[2]

However, the Court understands Defendants' concerns over the length and scope of the hearing. The Court finds it impractical to have an extensive evidentiary hearing at this stage in the litigation, so limits will be placed on the number of witnesses that may be called and the time available for direct and cross examination of each witness. In addition, the Court will grant Defendants' request to have the exhibits limited to the ones previously filed with the Court. It should also be noted that Revelry is agreeable to a limited evidentiary hearing. Dkt. 27, at 3.

Thus, the Motion/Request for Evidentiary Hearing will be GRANTED with limitations outlined at the conclusion of this Order.

---

[2] Additionally, much of the merits will turn on witness creditability making the ultimate decision reliant on live testimony at a trial on the merits

**B. Motion to Seal**

*1. Legal Standard*

Court proceedings and records are generally open to the public. *See, e.g., Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Assoc. Press v. U.S. Dist. Court for Cent. Dist. of California*, 705 F.2d 1143, 1145 (9th Cir. 1983) ("We thus find that the public and press have a first amendment right of access to pretrial documents in general."). This right of access is "grounded in the First Amendment and in common law." *CBS, Inc. v. U.S. Dist. Court for Cent. Dist. of California*, 765 F.2d 823, 825 (9th Cir. 1985) (citing *Assoc. Press*, 705 F.2d at 1145). This general rule of access applies in civil cases. *See, e.g., Gannett Co. v. DePasquale*, 443 U.S. 368, 386 n.15 (1979).

Typically, two standards govern motions to seal documents: a "compelling reasons" standard, which applies to documents attached to dispositive motions, and a "good cause" standard, which applies to documents attached to non-dispositive motions. *Simmons v. Battelle Energy All., LLC*, No. 4:14-cv-294-BLW, 2016 WL 3552182, at *3 (D. Idaho June 23, 2016) (citing *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2016). *But see Ctr. for Auto Safety v. Chrysler Group, LLC.*, 809 F.3d 1092, 1101 (9th Cir. 2016) (holding that motions that are technically non-dispositive may still require the party to meet the "compelling reasons" standard when the motion is more than tangentially related to the merits of the case).

Compelling reasons that are sufficient to outweigh the public interest in having the documents unsealed exist when "'court files might have become a vehicle for improper

purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citing *Nixon v. Warner Commun., Inc.*, 435 U.S. 589, 598 (1978)).

### 2. Discussion

Revelry argues that Exhibit D contains confidential information and trade secrets of Revelry's business. Dkt. 24, at 3. The materials in question are Defendants' pitch materials, but Revelry alleges that the pitch materials are a replica of its own GFHE event. Dkt. 2-1, at 6-7.

Revelry seeks to seal an exhibit that was intended to be attached to the complaint. The Ninth Circuit has not explicitly ruled on the standard to be used for a motion to seal relating to a complaint, but other districts courts within the Ninth Circuit have used the compelling reasons standard because "a complaint is the foundation of a lawsuit." *In re Google Inc. Gmail Litig.*, 13-02430, 2013 WL 5366963, at *2 (N.D. Cal. Sept. 25, 2013); see also *Ponomarenko v. Shapiro*, 16-CV-02763-BLF, 2017 WL 3605226, at *2 (N.D. Cal. Aug. 21, 2017); *In re NVIDIA Corp. Derivative Litig.,* C 06–06110 SBA, 2008 WL 1859067, at *3 (N.D.Cal. Apr. 23, 2008) (holding that the "compelling reasons" standard applied to all or part of a complaint because "[w]hile a complaint is not, per se, the actual pleading by which a suit may be disposed of, it is the root, the foundation, the basis by which a suit arises and must be disposed of."). Additionally, under *Chrysler Group*, Exhibit D itself is more than tangentially related to the merits of the case because Revelry relies on

it as evidence that Defendants violated their contracts. See Dkt. 1, at 14-15. Thus, the compelling reasons standard will apply to Revelry's Motion to Seal Exhibit D.

As the Ninth Circuit stated in *Kamakana*, seeking to seal documents that contain trade secrets is sufficient to meet the compelling reasons standard. *Kamakana*, 447 F.3d at 1179. Defendants argue that Exhibit D contains information that was already disclosed by Revelry and the document does not belong to Revelry, but rather Propser23. In addition, Defendants argue the information in Exhibit D is not sensitive enough to qualify as a trade secret.

A critical factual dispute such as this is not up to the Court to decide at this stage in the litigation. The Court finds Revelry's assertions compelling enough to warrant the document to be sealed. The Court understands Defendants' reasoning, but it would rather err on the side of caution in this instance. The information in Exhibit D may contain very sensitive information such as trade secrets, and the Court is apprehensive about the possibility of making an error by releasing such information out to the public, and in turn, cause harm to Revelry.

Thus, the Motion to Seal is GRANTED and Exhibit D will remain sealed until further notice.

### C. Evidentiary Objections re: Motion for Preliminary Injunction

#### 1. Legal Standard

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held. Given this limited purpose, and given the haste that is often necessary if those positions are to be preserved, a preliminary

injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *U. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

"The urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial. The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Flynt Distrib. Co., Inc. v. Harvey,* 734 F.2d 1389, 1394 (9th Cir.1984)

### 2. Discussion

Defendants have asked the Court to not consider certain paragraphs from Revelry's verified complaint when making its decision on the motion for preliminary injunction. Defendants argue that certain paragraphs violate the Federal Rules of Evidence.

The Federal Rules of Evidence do not strictly apply to a motion for a preliminary injunction.[3] The Court will in turn consider the paragraphs in question, even if these paragraphs may be inadmissible at trial. Considering the urgency of obtaining a preliminary injunction, the allowance of hearsay and other inadmissible evidence are outweighed by the "purpose of preventing irreparable harm before trial." *Id*; *see also K–2 Ski Co. v. Head Ski Co.,* 467 F.2d 1087, 1088 (9th Cir.1972) (allegations in a verified complaint may be considered when issuing a preliminary injunction). Of course, the Court will give all

---

[3] *See Houdini Inc. v. Goody Baskets LLC*, 166 F. App'x 946, 947 (9th Cir. 2006) ("the district court did not abuse its discretion in considering hearsay and biased evidence ... because the rules of evidence do not strictly apply to preliminary injunction proceedings.")

MEMORANDUM DECISION AND ORDER-12

evidence the weight and effect it determines appropriate.

Thus, the Evidentiary Objections re: Motion for Preliminary Injunction are DENIED, at this time.

## IV. CONCLUSION

For the reasons stated above, Revelry's Motion/Request for Evidentiary Hearing is GRANTED with limitations set out below. Next, Revelry's Motion to Seal is GRANTED. Lastly, Defendants' Evidentiary Objections re: Motion for Preliminary Injunction are DENIED. Witness lists and exhibits will be due by March 15, 2023, at noon (Mountain Standard Time).

## V. ORDER

**IT IS ORDERED:**

1. Revelry's Motion/Request for Evidentiary Hearing (Dkt. 21) is **GRANTED** with limitations:

   a. Each party will be limited to two (2) witnesses;

   b. Each witness will be limited to 25 minutes of direct examination and 10 minutes of cross examination; and

   c. Exhibits will be limited to documents that have already been filed with the Court.

2. Revelry's Motion to Seal (Dkt. 3) is **GRANTED** and Exhibit D will remain sealed until further notice.

3. Defendants' Evidentiary Objections re: Motion for Preliminary Injunction (Dkt. 16-1) are **DENIED**.

4. Witness lists and exhibits lists will be due by March 15, 2023, at noon (Mountain Standard Time).

DATED: March 10, 2023

David C. Nye
Chief U.S. District Court Judge